### Gulf, Colorado & Santa Fe Railway Company v. Thomas Henderson et al.

#### No. 3029.

1. **District Court—Injunction—Want of Right to Appeal.**—Under well established rules the District Court will issue writs of injunction without regard to the amount in controversy, where such grounds are alleged as are recognized as sufficient to call for the exercise of the equitable power of the court; but this does not mean that the writ of injunction will lie and can be made to operate as an appeal in cases where the right of appeal is denied by the law.

2. **Same—Cases in which no Appeal Exists.**—The mere fact that the law prohibits an appeal by reason of the amount involved does not afford ground for the issuance of the writ of injunction.

3. **Costs—Statutes Construed.**—Revised Statutes, articles 1432 and 1434, when construed together, show that under the latter the County Court in an appeal from a Justice Court when upon trial the judgment was reduced might tax the costs of both courts against the defendant who had appealed. Such judgment would not be void. In absence of fraud such judgment will not be avoided by injunction.

APPEAL from Fort Bend. Tried below before Hon. J. R. Dickinson, exchanging with Hon. William H. Burkhart.

The opinion states the case.

*J. W. Terry,* for appellant.—1. The District Court has jurisdiction to issue writs of injunction under the established rules of the courts of equity, regardless of the amount in controversy. Anderson County v. Kennedy, 58 Texas, 616; Alexander v. Holt, 59 Texas, 205; Stein v. Frieberg, 64 Texas, 271.

2. It is well established that a court of equity has jurisdiction to relieve against a judgment obtained by fraud, and that an injunction is the proper remedy where the party is entitled to relief against a fraudulent judgment. A court of equity can grant such relief, even though a court of law on motion has refused to do so. Freem. on Judg., secs. 486, 489, 490, 511; 1 High on Injunc., secs. 190–194; Giddings v. Steele, 28 Texas, 732; Hutchins v. Lockett, 39 Texas, 165.

· 3.  So much of the verdict of the jury as awarded costs to Henderson, the plaintiff, in the suit in the County Court was a nullity and a mere surplusage.    Baker v. Wofford, 9 Texas, 516; Garrett v. McMahan, 34 Texas, 307; Flores v. Coy, Ct. App. C. C., sec. 804.

4.  The verdict of the jury in the case in the County Court being for a less amount than the judgment in the Justice Court, judgment should have been entered in the County Court against Henderson, the plaintiff in that case, for all costs in the County Court.  Rev. Stats., art. 1432; Bailey v. James, 64 Texas, 546; Railway v. Weimers, 74 Texas, 564.

*Mitchell & Mitchell*, for appellees.—1.  The District Court has no jurisdiction to enjoin a sale of realty under an execution issued upon a judgment for less than $200 rendered by the County Court, unless the relief sought is to prevent a cloud upon the title of such realty, or threatened or possible injury to plaintiff's possession.  Gaskins v. Peebles, 44 Texas, 390.

2.  The Constitution does not confer on the District Court appellate or supervisory powers over the County Court except in matters of probate and guardianship.  Const., art. 5, sec. 8; Blythe v. Deaton, 48 Texas, 198.

3.  In ordinary civil suits involving amounts within their respective jurisdictions, the District and County Courts are alike independent each of the other, and their respective judgments can only be reviewed or relieved against in the same court where rendered or by resort to the proper appellate tribunal.  Blythe v. Deaton, 48 Texas, 198.

4.  An injunction suit by the defendant in execution, brought against the sheriff, the plaintiff, and his attorney, to restrain the collection of an execution for costs on an alleged illegality of some of the items in the bill of costs, is in effect but a motion to retax the costs, and should be made in the court where such judgment was rendered, and should be treated on hearing as such a motion.  Lockart v. Stuckler, 49 Texas, 765.

The court may for good cause, to be stated on the record, adjudge the costs of appeal against the appellant, even though the judgment of the Justice Court has been reduced in amount by the appeal.  Rev. Stats., art. 1434.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellee, Thomas Henderson, recovered judgment in a Justice Court of Fort Bend County against the appellant for $100, in October, 1888, which, on appeal to the County Court of said county by appellant, was reduced $25; a verdict in the latter tribunal having been rendered against it for $75 about the 28th of February, 1889.  The judgment in the County Court was rendered against appellant for the costs of both courts, that of the jus-

tice of the peace being $5.30, and the costs in the County Court being $37.43.

After the adjournment of the last mentioned court appellant applied to the county judge to correct the judgment. This being overruled, an injunction was obtained from the district judge to restrain the enforcement of the judgment in so far as it was attempted under it to collect the costs of the County Court adjudged against appellant. On September 27, 1889, the appellees' exception to the petition for injunction was sustained by the court, and the plaintiff declining to amend, the cause was dismissed.

This judgment of dismissal is before us on appeal, the ruling of the court sustaining the exception and dismissing the petition being assigned as error.

It is contended that the District Court has jurisdiction, without regard to the amount in controversy, to issue writs of injunction; that the judgment should have been rendered in the County Court against appellee for the costs in that court; and that a party is entitled to relief against a judgment obtained by fraud. It is alleged in the petition, that "the amount in controversy not exceeding the sum of $100, exclusive of interest and costs, no appeal or writ of error will lie to the Court of Appeals, and petitioner is without remedy," etc.

It is unquestionably true that under well established rules the District Court will issue writs of injunction, without regard to the amount in controversy, where such grounds are alleged as are recognized as sufficient to call for the exercise of the equitable power of the court. But this does not mean that the writ of injunction will lie, and can be made to operate as an appeal, in cases where the right of appeal is denied by the law. In other words, the fact that the law prohibits an appeal, by reason of the amount involved, does not alone afford grounds for the issuance of the writ of injunction by a court having power to issue such writ regardless of the amount in controversy.

The allegations in support of appellant's claim for relief against a fraudulent judgment are, that the same was obtained by the fraud and deceit of appellees' attorney in the County Court, who, it is alleged, knew that the costs only of the Justice Court should have been assessed against the appellant, but notwithstanding that fact, he prepared a draft of the judgment adjudging all costs against appellant, and delivered the same to the clerk, who, relying upon the integrity, etc., of said attorney, entered it upon the minutes.

That an injunction is the appropriate remedy where a party is entitled to relief against a fraudulent judgment, is a familiar rule. But to authorize relief from a judgment of that character, the rule is well established that it must appear that the party against whom it is rendered is without fault, omission or neglect. Freem. on Judg., sec. 486; High on Injunc., sec. 190.

There are no averments that the appellees' attorney deceived or misled the appellant, or that the latter was deprived of the means or opportunity of knowing the character of the decree. Nor does it appear that the court was imposed upon, or that it was not such a judgment as the court might have rendered under article 1434, Revised Statutes. Nor is there any explanation of the failure or neglect of appellant to set aside or correct the judgment during the term.

The record shows that the appellant had brought the case to the County Court by appeal, and it would seem to have been peculiarly its duty to see that only such judgment was entered as was proper, or to explain why this was not done, by proper allegations. The judgment is not void. Under article 1434 of the Revised Statutes the court might have so rendered the decree.

We do not think the allegations in the petition entitle the appellant to the writ of injunction, and that the court did not err in dismissing the cause, and we conclude that the judgment should be affirmed.

*Affirmed.*